**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  v.

**TYRONE JACKSON,**

    **Defendant.**

:

:

:

**Case No. 2:24-cr-108
Chief Judge Sarah D. Morrison**

## OPINION AND ORDER

This matter is before the Court on Defendant Tyrone Jackson's Appeal of Order of Detention and Motion for Pretrial Release. (Mot., ECF No. 15.) The Government opposes. (ECF No. 17.) Having considered the evidence *de novo*, the Court **DENIES** the Motion.

**I.  BACKGROUND**

Mr. Jackson, now 54, has been involved in the criminal justice system since the age of 23, when he was convicted of involuntary manslaughter and aggravated robbery. (PSR, ECF No. 11, PAGEID # 18–20.) On July 18, 2024, a federal grand jury returned a two-count indictment charging Mr. Jackson with possession of a firearm while under disability and possession within intent to distribute cocaine. (ECF No. 4.) Mr. Jackson self-surrendered on October 10. (*See* January 12, 2024 docket entry.) In the intervening three months, Mr. Jackson was on probation for state charges resulting from the same events giving rise to the federal indictment. (PSR, PAGEID # 20.) He violated his state probation twice, having failed urine

testing for illicit substances. (*Id.*) Mr. Jackson "had an assessment completed at House of Hope and they recommended [he] complete intensive outpatient treatment." (*Id.*)

On October 16, 2024, the Magistrate Judge held a hearing on the Government's motion to detain Mr. Banks pending resolution of the charge. (*See* ECF No. 10.) The Magistrate Judge reviewed the Pretrial Services Report recommending that Mr. Jackson be released on his own recognizance, subject to certain enumerated conditions. (PSR, PAGEID # 21.)

The Magistrate Judge also heard testimony from Mr. Jackson's long-time girlfriend, Jodi Phillips. Ms. Phillips testified that Mr. Jackson (i) self-surrendered to the United States Marshals Service when he learned of his federal arrest warrant, (ii) was in treatment for substance abuse, and (iii) had recently had surgery for a broken leg, which was now infected. Mr. Jackson's attorney then represented to the Court that he was scheduled to begin a 30-day course of intensive outpatient treatment at House of Hope.

For its part, the Government proffered the facts giving rise to the charged offenses. In May 2024, Mr. Jackson caused an injury accident when he drove the wrong-way on Interstate 670. Mr. Jackson then fled the scene on foot. An off-duty FBI agent witnessed the accident and chased Mr. Jackson, tackling him to the ground. Law enforcement recovered eleven baggies of cocaine from Mr. Jackson's person and a loaded firearm in his vehicle. Lab tests later confirmed that Mr. Jackson's blood alcohol content was more than 2.5 times the legal limit.

The Magistrate Judge found probable cause to believe that Mr. Jackson committed an offense that carries a rebuttable presumption of detention. The Magistrate Judge further found that Mr. Jackson had not introduced sufficient evidence to rebut the presumption and ordered that he be detained pending trial. (*Id.*) Additional factors weighing heavily in the Magistrate Judge's determination were the facts surrounding the instant offense and Mr. Jackson's lengthy criminal history—including a pattern of firearm offenses and criminal activity while under supervision.

## II. LEGAL STANDARD

"If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). Upon such motion, the district court reviews a magistrate judge's detention order *de novo*. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000) (Marbley, J.) (explaining that, although the Sixth Circuit has not mandated a particular standard of review, "[t]he majority view appears to favor" *de novo* review of detention orders).

"The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). A defendant may be detained pending trial only when a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The government must prove by clear and convincing evidence

that detention is warranted. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 752 (1985).

In certain circumstances, the default position does not apply. Rather, a judicial finding of probable cause that the defendant has engaged in certain conduct gives rise to a rebuttable presumption in favor of detention—*i.e.*, it is rebuttably presumed that no condition or combination of conditions will reasonably assure the defendant's appearance and the safety of the community. 18 U.S.C. § 3142(e)(3). The rebuttable presumption "imposes only a 'burden of production' on the defendant, and the government retains the 'burden of persuasion.'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citations omitted). "Although a defendant's burden of production 'is not heavy,' he must introduce at least some evidence." *Id*. (quoting *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991)). To rebut the presumption entirely, a defendant must distinguish his case from "the congressional paradigm" that attached the presumption. *Id*. at 946 (quotation omitted). As to the government, it bears the burden of persuading the court that the presumption attaches. *Id*. at 945. In other words, that probable cause exists that the defendant committed a crime carrying the presumption of detention. A grand jury indictment is sufficient to establish probable cause that a defendant committed the charged offense. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

### III. ANALYSIS

Mr. Jackson now asks that the Court revoke the Magistrate Judge's order and release him under the conditions identified in the PSR. (Mot.) Mr. Jackson offers no new evidence, but argues that his self-surrender, active engagement in

4

treatment, and ties to the community rebut the presumption. (*Id.*) He further indicates openness to a jail-to-inpatient treatment bed transfer. (*Id.*, PAGEID # 36.)

The Court has reviewed the record *de novo* and adopts the findings of the Magistrate Judge. Mr. Jackson fails to rebut the presumption in favor of detention. The presumption notwithstanding, Mr. Jackson fails to show that there is a condition or set of conditions that could reasonably assure the safety of the community.[1] The facts giving rise to the charged offenses—including (a) fleeing the scene of an accident and (b) possessing a loaded handgun while intoxicated and under disability—and Mr. Jackson's criminal history—including (y) a pattern of both drug and firearms offenses and (z) committing crimes while on supervision—are persuasive in this regard.

IV. **CONCLUSION**

Mr. Jackson's Motion (ECF No. 15) is **DENIED**. The detention order remains in effect.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] As was the Magistrate Judge, the Court is satisfied that any risk of nonappearance can be mitigated.